**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5336**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

JOHN KENT COLVIN,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Greenville.  James C. Dever III,
District Judge.  (4:09-cr-00072-D-1)

Submitted:  February 7, 2012      Decided:  February 24, 2012

Before SHEDD, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Paul K. Sun, Jr., ELLIS & WINTERS, LLP, Raleigh, North Carolina,
for Appellant.   Thomas  G.  Walker,  United  States  Attorney,
Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant
United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Kent Colvin appeals his conviction by jury and his subsequent 300-month sentence for mail fraud and conspiracy to commit mail fraud. After thoroughly examining the record and the contentions of the parties, we affirm.

First, Colvin attacks his conviction on the ground that certain of the trial court's evidentiary rulings violated his constitutional right to present a defense. As an initial matter, we observe that "the crux of [Colvin's] complaint is that he was not allowed to present a particular defense. As such, it is better framed as an evidentiary argument." United States v. Malloy, 568 F.3d 166, 177 (4th Cir. 2009).

Still, "[w]hether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants 'a meaningful opportunity to present a complete defense.'" Holmes v. South Carolina, 547 U.S. 319, 324 (2006) (quoting Crane v. Kentucky, 476 U.S. 683, 690 (1986)). Where exclusion of evidence is "arbitrary" or "disproportionate" — that is, "important defense evidence" is excluded without serving "any legitimate interests" or in a manner that is "disproportionate to the ends that [the rationale for exclusion is] asserted to promote" — it may violate a defendant's constitutional rights. Id. at 324, 326.

2

Nevertheless, "a defendant's right to present a defense is not absolute: criminal defendants do not have a right to present evidence that the district court, in its discretion, deems irrelevant or immaterial." United States v. Prince-Oyibo, 320 F.3d 494, 501 (4th Cir. 2003). Thus, not surprisingly, "the Constitution permits judges to exclude evidence that is repetitive . . . , only marginally relevant or poses an undue risk of harassment, prejudice, or confusion of the issues." Holmes, 547 U.S. at 326-27 (internal alterations omitted). Of course, a district court's evidentiary rulings are reviewed only for abuse of discretion. United States v. Hill, 322 F.3d 301, 304 (4th Cir. 2003). And even then, "not every [evidentiary] error amounts to a constitutional violation." United States v. Stever, 603 F.3d 747, 755 (9th Cir. 2010). Instead, only the erroneous exclusion of evidence "important" to the defense may violate the Constitution. Holmes, 547 U.S. at 324; Stever, 603 F.3d at 755.

Here, Colvin expresses his disquietude with the district court's decision to exclude evidence pertaining to his defense theory that Scott Hollenbeck, Colvin's associate, perpetrated the fraud on his own and then hired two lawyers to blame Colvin for the fraud and bias the investors against Colvin. Our review of the record convinces us, however, that the evidence that Colvin sought to introduce was of limited

3

probative value and that his constitutional rights were not violated when the trial court exercised its discretion to exclude it.

Colvin next challenges his sentence as both procedurally and substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We first ensure that the district court committed no significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C. § 3553(a) (2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Id. If no procedural error was committed, we review the sentence for substantive reasonableness, taking into account the "totality of the circumstances." Id. Indeed, "an appellate court must defer to the trial court and can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." United States v. Evans, 526 F.3d 155, 160 (4th Cir. 2008) (emphasis in original). A sentence that falls within a properly calculated Guidelines range is presumptively reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

4

Colvin first asserts that the district court erred in calculating the loss involved in his offense under U.S. Sentencing Guidelines Manual ("USSG") § 2B1.1(b)(1)(L) (2010), which provides for a 22-level enhancement for a loss of more than $20 million but less than $50 million. Of course, the district court's factual determinations with respect to this issue must stand, absent clear error. Elliott v. United States, 332 F.3d 753, 761 (4th Cir. 2003). And "only a preponderance of the evidence need support these factual findings." United States v. Miller, 316 F.3d 495, 503 (4th Cir. 2003). Further, "[t]he court need only make a reasonable estimate of the loss," and its loss determination "is entitled to appropriate deference," given its unparalleled access to the pertinent facts. USSG § 2B1.1, cmt. n.3(C). We have thoroughly reviewed each of Colvin's challenges to the district court's loss calculation and are persuaded that the district court made a reasonable estimate of the loss in this case.

Nor do we find any error with the enhancements applied to Colvin's Guidelines calculations by the district court. With respect to the 2-level USSG § 2B1.1(b)(8)(C) (2010) enhancement that Colvin received for the violation of Hollenbeck's cease and desist order, sufficient evidence existed to support the district court's conclusion that Colvin knew that Hollenbeck's continued hawking of investments would violate the order.

Likewise, the district court possessed sufficient grounds to assess a 4-level leadership enhancement under USSG § 3B1.1(a) (2010) and a 6-level enhancement under USSG § 2B1.1(b)(2)(C) (2010).

Finally, although Colvin assails the substantive reasonability of his sentence by recounting his personal characteristics and attacking the fraud guidelines in USSG § 2B1.1 as containing overlapping enhancements and amorphous concepts of loss, see, e.g., United States v. Parris, 573 F. Supp. 2d 744, 750-55 (E.D.N.Y. 2008), he cannot escape the fact that he in fact received a downward variant sentence. We decline to hold that, on the circumstances of this case, the sentence received by Colvin was substantively unreasonable.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument will not aid the decisional process.

AFFIRMED